**RELIANCE NATIONAL INSURANCE COMPANY,**

v.

**B. VON PARIS & SONS, INC., et al.**

**No. CIV. JFM–99–2291.**

United States District Court, D. Maryland.

July 27, 2001.

Thomas Joseph Cullen, Jr., Goodell, DeVries, Leech & Gray, LLP, Baltimore, MD, William J. Perry, Clausen Miller, P.C., PH, Chicago, IL, for Reliance Nat. Ins. Co.

Robert P. O'Brien, Niles, Barton & Wilmer, Baltimore, MD, Steven E. Leder, Niles Barton and Wilmer, Baltimore, MD, for B. Von Paris & Sons, Inc.

## SUPPLEMENTAL OPINION

MOTZ, Chief Judge.

Union Pacific Railroad Company and Consolidated Rail Corporation ("Consolidated Rail") have requested-through a letter written by their lead counsel-that I reconsider my memorandum and order sanctioning Consolidated Rail for having failed to send a corporate representative with settlement authority to a settlement conference as ordered by the Magistrate Judge presiding over the conference.[1]

■ Consolidated Rail makes four contentions in support of its request. First, it asserts that the individual with settlement authority who would have attended the conference was participating in another judicial mediation session in New York on the day of the conference. Consolidated Rail allegedly had intended to request permission to have that person participate in the Baltimore conference by telephone but,

---

1. It has come to my attention that my earlier opinion can be read as imposing a sanction against Consolidated Rail for its failure to send a principal to the second settlement conference. That is not the case. Although I did order Consolidated Rail to pay the attorneys' fees incurred by the other parties for their participation in the second conference, that was because I found that the second conference would not have been required if Consolidated Rail had sent an appropriate representative to the first conference.

because of a misunderstanding by lead counsel, the letter seeking such permission was never written.[2] It is puzzling that Consolidated Rail did not bring this fact to the attention of the court and opposing counsel prior to the issuance of my earlier opinion. If I had known it, I would not have suggested (as I did) that Consolidated Rail had been guilty of contumacious behavior. However, the sanction I imposed was compensatory, not punitive, in nature, and would have been imposed in any event. Regardless of the reason that a principal of Consolidated Rail did not appear at the first conference, the other parties needlessly incurred expense in having to participate in the second conference.

■ Second, Consolidated Rail suggests that it should not be faulted for not having filed a summary judgment motion prior to the settlement conference since the conference was held before the summary judgment motions deadline had expired. That is beside the point. If Consolidated Rail believed that it was entitled to summary judgment, it could have filed its motion prior to the deadline, advised the court that it believed the claims against it to be frivolous, and requested that the case not be referred for settlement (or that the settlement conference be postponed) until its motion had been ruled upon. It did none of these.[3]

■ Third, Consolidated Rail argues that my conclusion that the case would have settled if Consolidated Rail's principal had been present at the first conference is incorrect since, according to Consolidated Rail, it increased its offer made at the first conference by only $500 at the second conference. At least one of the other parties disputes Consolidated Rail's version of what occurred. Even assuming that version to be correct, however, Consolidated Rail again misses the point. It does not matter whether Consolidated Rail increased its offer at the second conference by $5000, $500, $50, $5, or not at all. Mediation is fair and effective only if persons with settlement authority are present at the conference to listen to what the other parties and the mediator have to say. If they decide not to increase their offer (or reduce their demand), they must be prepared to take direct responsibility for their decision when the mediator and the other parties are so advised. Otherwise, the process of exchanging views at the conference is a meaningless exercise, and a party whose principal is absent is given a negotiating advantage over those whose principals are present.

■ Finally, Consolidated Rail complains that it is "inherently unfair" for it to be assessed the other parties' costs in participating in the second conference since it alone was required by the magistrate judge to send its counsel and corporate representative to the second conference. The "inherent unfairness" is not apparent to me. If Consolidated Rail had complied with the magistrate judge's order to send a representative with settlement authority to the first conference, it would have incurred precisely the same costs that it eventually incurred at the second conference. And since the appropriate sanction for Consolidated Rail's noncompliance with that order was to require it to pay the costs of the other parties at the second conference, to

2. Consolidated Rail has emphasized that its local counsel was not at fault.

3. Since this court follows a policy of nonmandatory mediation, reasonable requests for postponements of settlement conferences are likely to be granted. Of course, in a given case, particularly one involving multiple parties, the court may deem it necessary to have a settlement conference go forward, even over the objection of one or a minority of the parties.

compel the personal attendance of the latter's counsel and principals at the second conference would simply have increased the sanction award Consolidated Rail would have to pay.

A separate order denying Consolidated Rail's request for reconsideration is being entered herewith.

ORDER

For the reasons discussed in the accompanying Supplemental Opinion it is, this 27th day of July 2001

ORDERED that the motion filed by Union Pacific Railroad Company and Consolidated Rail Corporation for reconsideration is denied.